FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D N.Y

★   JUN 13 2011   ★

LONG ISLAND OFFICE

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ESTHER REIZES on behalf of herself and all others similarly situated ) ) ) | **CV 11 2839** |
| Plaintiff, ) ) | **AMON, CH.J.** |
| -against- ) ) ) | **POLLAK, M.** |
| NORTHLAND GROUP INC. ) ) | |
| Defendant. ) | **SUMMONS ISSUED** |

## CLASS ACTION COMPLAINT

### *Introduction*

1.  Plaintiff Esther Reizes seeks redress for the illegal practices of Northland Group Inc. concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### *Parties*

2.  Plaintiff is a citizen of the State of New York who resides within this District.

3.  Plaintiff is a "consumer" as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that defendant sought to collect from plaintiff is a consumer debt, purportedly owed for a consumer purpose.

4.  Defendant's principal place of business is located in Minnesota.

5.  Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

-1-

6.    Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. §
       1692(a)(6).

***Jurisdiction and Venue***

7.    This Court has Federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. §
       1331.

8.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and
       transactions that give rise to this action occurred, in substantial part, in this district.

9.    On information and belief, on a date better known by defendant, defendant attempted to
       collect an alleged consumer debt from the plaintiff.

10.   On or about February 8, 2011 upon information and belief, the defendant's collection
       representative left a scripted message without disclosing that the communication was
       from a debt collector even though the message was left in furtherance of attempting to
       collect a purported debt.

11.   The defendant did not indicate that the message was from a debt collector.

12.   The said telephone message is in violation of the Fair Debt Collection Practices Act, 15
       U.S.C. §§ 1692e(10) and 1692e(11).

**AS AND FOR A FIRST CAUSE OF ACTION**

***Violations of the Fair Debt Collection Practices Act brought by plaintiff on behalf of herself
and the members of a class, as against the defendant.***

13.   Plaintiff restates, realleges, and incorporates herein by reference, paragraphs 1-12 as if
       set forth fully in this Cause of Action.

14.   This action is brought on behalf of plaintiff and the members of a class.

-2-

15.   The Class consists of consumers who were left a telephone message concerning a
consumer debt without having been informed that the communication was from a debt
collector.

16.   The Class consists of all persons whom Defendant's records reflect resided in the State
of New York and who received telephonic messages from defendant's representatives
within one year prior to the date of the filing of the within complaint up to the date of
the filing of the complaint; (a) the telephone message was placed to a consumer seeking
payment of a consumer debt; and (c) that the telephone messages were in violation 15
U.S.C. §§ 1692e(11) and 1692e(10).

17.   Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and
preferable in this case because:

(A) Based on the fact that telephonic messages are at the heart of this litigation, the class is
so numerous that joinder of all members is impracticable.

(B) There are questions of law and fact common to the class and these questions
predominate over any questions affecting only individual class members. The principal
question presented by this claim is whether the Defendant violated the FDCPA.

(C) The only individual issue is the identification of the consumers who received the
telephone messages, (i.e. the class members), a matter capable of ministerial
determination from the records of Defendant.

(D) The claims of the plaintiff are typical of those of the class members. All are based on the
same facts and legal theories.

(E) The plaintiff will fairly and adequately represent the class members' interests. The plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The plaintiff's interests are consistent with those of the members of the class.

18. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

19. If the facts are discovered to be appropriate, the plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

20. Collection letters, such as those sent by the defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

21. The actions of the defendant violate the Fair Debt Collection Practices Act.

22. Because the defendant violated of the Fair Debt Collection Practices Act, the plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

-4-

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in her favor and on behalf of the members of the class, and against the defendant and award damages as follows:

    (a)    Statutory damages provided under the FDCPA, 15 U.S.C. 1692(k);

    (b)    Attorney fees, litigation expenses and costs incurred in bringing this action; and

    (c)    Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Cedarhurst, New York
June 10, 2011

Adam J. Fishbein, P.C.  (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

Adam J. Fishbein  (AF-9508)

-5-