UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

ESTHER REIZES, on behalf of herself and all others similarly situated,

        Plaintiff,

- against -

NORTHLAND GROUP, INC.,

        Defendant.

Case No. 1:11-cv-2839-CBA-CLP

---

## ANSWER OF NORTHLAND GROUP, INC.

Defendant Northland Group Inc. ("NGI"), as and for its Answer to the Complaint of Plaintiff Esther Reizes ("Plaintiff"), denies each and every allegation set forth therein unless otherwise specifically admitted herein or otherwise qualified and states and alleges as follows:

1. In response to paragraph 1 of Plaintiff's Complaint, NGI admits that Plaintiff brings this claim under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. but denies that it violated such act.

2. NGI has insufficient information and knowledge to either admit or deny the contents of paragraph 2 of Plaintiff's Complaint and therefore denies the same.

3. NGI has insufficient information and knowledge to either admit or deny the contents of paragraph 3 of Plaintiff's Complaint and therefore denies the same.

4. NGI admits the contents of paragraph 4 of Plaintiff's Complaint.

5. NGI admits the contents of paragraph 5 of Plaintiff's Complaint.

6. In response to paragraph 6 of Plaintiff's Complaint, NGI states that while at times it is a "debt collector" as defined by the FDCPA, it has insufficient information and knowledge

1583295

to either admit or deny that it acted as a "debt collector" in the instant matter and therefore denies the same.

7.  In response to paragraph 7 of Plaintiff's Complaint, NGI admits that the statutes referenced confer jurisdiction upon this Court but denies that it has violated any law to subject it to the jurisdiction of this Honorable Court.

8.  NGI has insufficient information and knowledge to either admit or deny the contents of paragraph 8 of Plaintiff's Complaint and therefore denies the same.

9.  In response to paragraph 9 of Plaintiff's Complaint, NGI admits that it attempted to collect a debt from Plaintiff, but has insufficient information and knowledge to either admit or deny the remaining allegations.

10. NGI denies the contents of paragraph 10 of Plaintiff's Complaint.

11. NGI denies the contents of paragraph 11 of Plaintiff's Complaint.

12. NGI denies the contents of paragraph 12 of Plaintiff's Complaint.

13. NGI restates and realleges paragraphs 1 through 12 as though fully set forth herein.

14. In response to Paragraph 14 of Plaintiff's Complaint, NGI admits that Plaintiff allegedly brings his first cause of action on behalf of a class but denies that such a class exists.

15. NGI denies the contents of paragraph 15 of Plaintiff's Complaint.

16. NGI denies the contents of paragraph 16 of Plaintiff's Complaint.

17. NGI denies the contents of paragraph 17 of Plaintiff's Complaint and all the subparts thereto.

18. NGI denies the contents of paragraph 18 of Plaintiff's Complaint.

19. In response to Paragraph 19 of Plaintiff's Complaint, NGI admits that although Plaintiff may seek to certify a class, class certification is not appropriate.

20. In response to Paragraph 20 of Plaintiff's Complaint, NGI states that Plaintiff does not allege that NGI sent a collection letter and therefore denies said paragraph.

21. NGI denies the contents of paragraph 21 of Plaintiff's Complaint.

22. NGI denies the contents of paragraph 22 of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Plaintiff suffered no damage from the alleged violations of the Fair Debt Collection Practices Act by NGI, which NGI denies, and therefore is not entitled to any award of damages, attorney fees or costs.

### THIRD DEFENSE

All of NGI's actions have been in accordance with the Fair Debt Collection Practices Act.

### FOURTH DEFENSE

Any violation of the Fair Debt Collection Practices Act by NGI, which NGI denies, was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

### FIFTH DEFENSE

Any violation of the law or damage suffered by Plaintiff, which NGI denies, was due to the affirmative actions and/or omissions of Plaintiff or others and does not give rise to any liability of NGI.

1583295

**WHEREFORE**, NGI prays for an order and judgment of this Court in its favor against Plaintiff as follows:

1. Dismissing all causes of action against NGI with prejudice and on the merits; and,

2. Awarding NGI such other and further relief as the Court deems just and equitable.

Dated: Valhalla, New York
July 8, 2011

       /s/  Sergio Alves
Sergio Alves
KAUFMAN BORGEEST & RYAN LLP
Attorneys for Defendant
NORTHLAND GROUP, INC.
200 Summit Lake Drive
Valhalla, New York 10595
Phone: (914) 449-1000
Fax: (914) 449-1100
E-mail: salves@kbrlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on July 8, 2011, the foregoing document was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or the Eastern District's Local Rules, and/or the Eastern District's Rules on Electronic Service, upon the following parties and participants:

Adam J. Fishbein, Esq.
Attorney for the Plaintiff
ESTHER REIZES
483 Chestnut Street
Cedarhurst, NY 11516

        /s/ Sergio Alves
Sergio Alves